IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JODI NASH and TONY NASH,<br>Plaintiffs,<br><br>vs.<br><br>BOOTH AND ASSOCIATES, P.C.<br>Defendant. | Case No. _____<br><br>COMPLAINT AND DEMAND FOR<br>JURY TRIAL |

**COMES NOW**, Plaintiffs, Jodi Nash and Tony Nash, and for their cause of action against Defendant states:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act (hereinafter FDCPA), 15 U.S.C. § 1692, et seq. and the Iowa Debt Collection Practices Act (hereinafter IDCPA), Iowa Code § 537.7103, et seq. which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. In addition, this action is for damages for Defendant's violations of the Iowa Consumer Credit Code, Iowa Code § 537.5108, et seq., which was enacted to broadly protect consumers in relatively small credit transactions. *Equilease Corp. v. Smith*, 405 N.W. 2d 803, 805 (Iowa 1987).

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper because Defendant transacts business here and the allegations complained of occurred here.

**PARTIES**

3. Plaintiff Jodi, hereinafter Jodi, is a natural person residing in Grimes, Polk County, Iowa. Jodi is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Iowa Code § 537.1301(10) and/or a person affected by a violation of the FDCPA with standing to bring a claim under 15 U.S.C. § 1692k.

4. Plaintiff, Tony Nash, hereinafter Tony, is a natural person residing in Grimes, Polk County, Iowa. Tony is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Iowa Code § 537.1301(10) with standing to bring a claim under 15 U.S.C. § 1692k.

5. Defendant, Booth and Associates, operates at 2901 S Lynnhaven Road, Suite 230, Virginia Beach, VA 23452. Defendant Booth is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5) (2007).

**RESPONDEAT SUPERIOR LIABILITY**

6. Ms. Williams, William Scudder, Alexia (hereinafter referred to as Williams, Scudder and Alexia respectively) and any other debt collectors are natural persons employed at all times relevant herein by Defendant Booth as collection agents and are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5) (2007).

7. The acts and omissions of Williams, Scudder, Alexia and any other debt collectors were committed within the time and space limits of their agency relationship with their principal, Defendant Booth.

8. The acts and omissions of Williams, Scudder, Alexia and any other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Booth in collecting debts.

9. Williams, Scudder, Alexia and any other debt collectors were motivated to commit the aforementioned acts and omissions to benefit their principal, Defendant Booth.

10. Defendant Booth is liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees.

## FACTUAL ALLEGATIONS

11. Tony incurred a financial obligation to Select Comfort Mattress that was primarily for personal, family or household purposes, which subsequently went into default, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime thereafter, the debt was cosigned, placed or otherwise transferred to Defendant for collection from Plaintiffs.

### Williams and Scudder's Communication with Jodi on January 28, 2008

13. On January 28, 2008, Williams left a message on the Nash's answering machine. The message referenced civil litigation.

14. Jodi was instantly alarmed upon hearing the message and contacted Williams immediately.

15. Williams stated she was calling regarding a debt allegedly owed to Select Comfort Mattress.

16. Williams further alleged that approximately $1,200.00 was owed, however, interest brought the amount to $2,000.

17. Jodi told Williams she could not afford to pay the debt. Furthermore, Jodi is not responsible for the debt.

18. Williams indicated the matter might be settled for approximately $900.00 but prior approval from a superior need to be obtained before such arrangement could be made.

19. Williams than placed Scudder on the phone.

20. Scudder demanded that Jodi pay the entire debt by the end of the month.

21. Jodi told Scudder she could not afford to pay the debt.

22. Jodi was confused as to the actual amount owed and became too upset to remain on the phone. Jodi placed Tony on the phone.

**Scudder's Communication with Tony**

23. Once Tony was on the phone, Scudder demanded that Tony pay the entire debt by the end of the month.

24. Tony told Scudder he could not come up with the money.

25. Scudder began yelling at Tony and asked if Tony was "fucking retarded."

26. Scudder continued to verbally assault Tony until Tony hung up the phone.

27. Scudder's actions caused Tony to suffer anger, frustration, humiliation and embarrassment.

**Williams' Second Communication with Jodi on or about January 29, 2008**

28. On January 29, 2008, Williams spoke with Jodi by telephone.

29. Williams told Jodi that the account was marked for "suit," however, Williams indicated she placed a "hold" on the account until Monday.

30. Williams told Jodi she placed a "hold" on the account because the attorney in her office had not yet authorized the account to be settled for less than the amount allegedly owed.

31. Williams indicated that state and federal background checks would be conducted on Tony while the account was placed on "hold."

32. Jodi believed Williams was disgracing Tony in an attempt to collect the debt.

33. Jodi further believed a lawsuit was imminent if the debt were not paid.

34. Williams' actions caused Jodi to suffer anger, fear, frustration and emotional distress.

**"Alexia's" Communication with Jodi on January 31, 2008**

35. On January 31, 2008 Alexia spoke with Jodi by telephone.

36. Alexia claimed that Jodi now owed $2,011.00.

37. Jodi asked Alexia why the amount increased from $2,000.00 to $2,011.00.

38. Alexia stated that interest accrued at a daily rate of five percent. Interest accruing at a daily rate of five percent does not equal an eleven dollar increase.

39. Alexia threatened Jodi that her house would be seized, accounts frozen and wages garnished if the debt were not paid.

40. Alexia told Jodi that $400 needed to be paid by the end of day to stop litigation.

4

41. Jodi suffered anxiety, frustration, fear, emotional distress, humiliation and embarrassment due to Alexia's actions.

**Communications with Tony's Family Members**

42. Defendant's collection agents contacted Tony's mother by leaving voicemails on her answering machine in an attempt to collect the debt.

43. Defendant's collection agent spoke with Tony's sister by telephone in an attempt to collect the debt.

44. The communications were not for the purpose of locating Tony. The communications took place after Tony was contacted.

45. The purpose of the communications was to harass Tony in an attempt to collect the debt.

**Summary**

46. The series of abusive collection calls caused Plaintiffs, Jodi and Tony Nash, to suffer severe emotional distress as outlined above and put a strain on their relationship with each other.

47. The series of abusive collection calls prompted Jodi Nash to seek out loans for a debt she was not required to pay.

48. Despite Defendant's threats, no liens have been placed on Plaintiffs' property, no garnishments have been made on Tony's wages, and no lawsuits have been filed to collect the debt.

**CAUSES OF ACTION**

**Jodi's First Cause of Action**
**Violation of the Fair Debt Collection Practices Act**

49. Jodi realleges herein, as if set out in full, the allegations contained in paragraphs one (1) through forty-eight (48).

50. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly engaging Jodi in conversations with the intent to harass her.

5

6

51. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount of the debt owed.

52. Defendant violated 15 U.S.C. § 1692e(2)(A), e(5) and e(10) by misrepresenting the imminence of legal action.

53. Defendant violated 15 U.S.C. § 1692e(4) and e(10) by threatening to seize Jodi's house, freeze her accounts, and garnish her wages when such action cannot legally be taken and was not intended to be taken.

54. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt when Defendant attempted to collect an amount not authorized by the agreement.

55. Jodi is entitled to statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), actual damages pursuant to 15 § U.S.C. §1692k(a)(1) and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### Jodi's Second Cause of Action
### Violation of the Iowa Debt Collection Practices Act

56. Jodi realleges herein, as if set out in full, the allegations contained in paragraphs one (1) through fifty-five (55).

57. Defendant violated Iowa Code § 537.7103(1)(e) by threatening to seize Jodi's house, freeze her accounts, and garnish her wages when such action cannot legally be taken and was not intended to be taken.

58. Defendant violated Iowa Code § 537.7103(2)(b) by repeatedly engaging Jodi in phone conversations with the intent to harass her.

59. Defendant violated Iowa Code § 537.7103(4)(e) by intentionally misrepresenting the amount of the debt and the imminence of legal action.

60. Defendant violated Iowa Code § 537.7103(5)(d) by attempting to collect an amount not authorized by the agreement.

61. Jodi is entitled to statutory damages ranging from $100.00 to $1,000.00 pursuant to Iowa Code § 537.5201(1)(y), actual damages pursuant to Iowa Code § 537.5201(1)(y) and cost and attorney fees pursuant to Iowa Code § 537.5201(8).

### Jodi's Third Cause of Action
### Violation of the Iowa Consumer Credit Code

62. Jodi realleges herein, as if set out in full, the allegations contained in paragraphs one (1) through sixty-one (61).

63. Defendant violated Iowa Code § 537.5108(2) by engaging in unconscionable conduct in an attempt to collect a debt when Defendant violated the Iowa and Federal Fair Debt Collections Practices Act as stated above.

64. Jodi is entitled to actual damages pursuant to Iowa Code § 537.5108(2), injunctive relief pursuant to Iowa Code § 537.5108(2) and costs and reasonable attorney fees pursuant to Iowa Code § 537.5108(6).

### Tony's First Cause of Action
### Violation of the Fair Debt Collection Practices Act

65. Tony realleges herein, as if set out in full, the allegations contained in paragraphs one (1) through sixty-four (64)

66. Defendant violated 15 U.S.C. §§ 1692d, d(2), and d(5) by contacting Tony's family members in an attempt to collect the debt, telling Tony he was "fucking retarded," and engaging Tony in a conversation with the intent to annoy, harass and abuse him.

67. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount of the debt owed.

68. Defendant violated 15 U.S.C. § 1692e(2)(A), e(5) and e(10) by misrepresenting the imminence of legal action.

69. Defendant violated 15 U.S.C. § 1692e(7) by implying that Tony committed a crime when Defendant stated they did state and federal background checks on him.

70. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt when Defendant attempted to collect an amount not authorized by the agreement.

7

71. Tony is entitled to statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), actual damages pursuant to 15 U.S.C. §1692k(a)(1) and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### Tony's Second Cause of Action
### Violation of the Iowa Debt Collection Practices Act

72. Tony realleges herein, as if set out in full, the allegations contained in paragraphs one (1) through seventy-one (71).

73. Defendant violated Iowa Code § 537.7103(1)(b) by threatening Tony committed a crime when Defendant stated they would conduct state and federal background checks on him.

74. Defendant violated Iowa Code §§ 537.7103(2)(a) and 2(b) by telling Tony he was "fucking retarded" while attempting to collect a debt and engaging him in phone conversation with the intent to annoy, harass or abuse him.

75. Defendant violated Iowa Code § 537.7103(4)(e) by intentionally misrepresenting the amount of the debt and the imminence of legal action.

76. Defendant violated Iowa Code § 537.7103(5)(d) by attempting to collect an amount not authorized by the agreement.

77. Tony is entitled to statutory damages ranging from $100.00 to $1,000.00 pursuant to Iowa Code § 537.5201(1)(y), actual damages pursuant to Iowa Code § 537.5201(1)(y) and cost and attorney fees pursuant to Iowa Code § 537.5201(8).

### Tony's Third Cause of Action
### Violation of the Iowa Consumer Credit Code

78. Tony realleges herein, as if set out in full, the allegations contained in paragraphs one (1) through seventy-seven (77).

79. Defendant violated Iowa Code § 537.5108(2) by engaging in unconscionable conduct in an attempt to collect a debt when Defendant violated the Iowa and Federal Fair Debt Collections Practices Act as stated above.

80. Tony is entitled to actual damages pursuant to Iowa Code § 537.5108(2), injunctive relief pursuant to Iowa Code § 537.5108(2) and costs and reasonable

attorney fees pursuant to Iowa Code § 537.5108(6) from each and every Defendant.

**WHEREFORE**, Plaintiffs, Jodi Nash and Tony Nash, respectfully requests that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant conduct violated the Fair Debt Collection Practices Act and Iowa Debt Collection Practices Act.

B. Injunctive relief for Defendant's violation of the Iowa Consumer Credit Code.

C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) and Iowa Code §§ 537.5108(2), 537.5201(Y).

D. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Iowa Code §§ 537.5108(2), 537.5201(1)(Y).

E. Costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and Iowa Code §§ 537.2108(6), 537.5201(8).

**JURY DEMAND**

Plaintiffs respectfully request a trial by jury.

MARKS LAW FIRM, P.C.

/s/ Samuel Z. Marks
_____
Samuel Z. Marks IS9998821
4225 University Avenue
Des Moines, Iowa 50311
(515) 276-7211
FAX (515) 276-6280
ATTORNEY FOR PLAINTIFFS